768 P.2d 765

E. (Al) BREWSTER, Logan D. Robinson, Glen S. Marshall, Isaac McDougall, and Ann McDougall, husband and wife, Peter D. Behrendt, Guy Anderst and Trevor Henderson, Plaintiffs–Respondents,

v.

CITY OF POCATELLO, a municipal corporation of Idaho, Richard S. Finlayson, Mayor of the City of Pocatello and the City Council of the City of Pocatello, Idaho, Defendants–Appellants,

and

People for a Progressive Pocatello, Inc., a non-profit corporation, Intervenor.

Nos. 17074, 17096.

Supreme Court of Idaho.

Dec. 29, 1988.

Rehearing Denied March 2, 1989.

J. Ivan Legler, Pocatello, for defendant-appellant City of Pocatello.

Stephen G. Larsen, Pocatello, for plaintiffs-respondents.

Racine, Olson, Nye, Cooper & Budge, Pocatello, for intervenor People for a Progressive Pocatello. John R. Goodell argued.

Lindsay, Hart, Neil & Weigler, Boise, for amicus Ass'n of Idaho Cities. Michael C. Moore argued.

SHEPARD, Chief Justice.

This is an appeal from a summary judgment granted by the district court against the city of Pocatello, holding invalid and prohibiting the enforcement of an ordinance which purported to impose a street restoration and maintenance fee upon all owners or occupants of property in the city of Pocatello pursuant to a formula reflecting the traffic which is estimated to be generated by that particular property. We affirm the summary judgment and the well-reasoned opinion of the district judge.

The district judge noted the deterioration of Pocatello city streets through the passage of time and severe winter conditions. The district court noted that the last successful bond election in Pocatello for street maintenance was in 1974. The Pocatello City Council since that time has considered street maintenance fees, and in 1982 a levy override election for street improvements failed. Thereafter the City Council considered various methods of street maintenance financing, and various advisory elections were held which essentially failed. Following a 1986 levy override election which failed, the City Council enacted the present Ordinance 2210 imposing a street restoration and maintenance fee which is the subject of the instant action.

Prior to the enactment of the instant ordinance, ad valorem tax revenues were utilized for the purposes of street repair and maintenance. The ordinance in question empowers the city to seek judgment against any who refuse to pay the street maintenance and restoration fee, and empowers the city to enforce any such judgment through a lien upon the real property of the delinquent party. As of the date of this appeal the city apparently has not attempted enforcement or collection of the fees authorized by the ordinance.

Plaintiffs-respondents brought the instant action to prohibit the enforcement of the collection terms of the ordinance. Joining in the appeal of the city of Pocatello are an intervenor, People For a Progressive Pocatello, Inc., and the Association of Idaho Cities as amicus.

At the district court level the city of Pocatello did not raise any issue as to the standing of these plaintiffs-respondents to maintain the action. However, at the lower court the intervenors asserted that plaintiffs-respondents lacked standing to challenge the street fee ordinance since it is argued they lack any special interest or injury peculiar to them. Such assertion would appear to find support in *Bopp v. City of Sandpoint*, 110 Idaho 488, 716 P.2d 1260 (1986); *Greer v. Lewiston Golf & Country Club, Inc.*, 81 Idaho 393, 342 P.2d 719 (1959). However, in the instant case it is clear that the issue of standing sought to be raised by the intervenor would equally deprive litigant status to the intervenors. We further note that the intervenors' argument of standing, if adopted, would prevent any judicial review unless and until an occupier or owner of property would refuse to pay the "fee" and collection was sought to be enforced by the city in a collection action. In any event, we view the decision of the district court on the standing issue as meritorious. Under the peculiar factual circumstances of the instant case it is in the interest of both the city and the plaintiffs-respondents that the question be resolved. Otherwise judicial review of a vexing question to both the city and the plaintiffs-respondents will be avoided with the only likely resolution being in the form of collection actions which will eventually re-

quire the resolution of the same question presented in the case at bar. Hence, we hold that in the instant case, and its unusual circumstances, justice is best served by resolution of the question.

We view all issues in this case as being subsumed in the question as to whether the street maintenance fee imposed by the Pocatello ordinance is a fee specifically authorized by I.C. § 63–2201A, or as contended by respondents it is a disguised tax and hence invalid as not having received voter approval.

We note initially that the need for the improvement of the streets in Pocatello is not contested. Hence, the issue is not the need for funding, and in essence that need is conceded. However, as noted by the district court, "The city council action is innovative if not revolutionary in local government funding." The sole issue appears to be whether absent legislative authority a municipality may impose a fee on the owners or occupants of property which abut public streets and which streets are open to public passage by the public in general.

In *Sun Valley Co. v. City of Sun Valley*, 109 Idaho 424, 427, 708 P.2d 147, 150 (1985), this Court held that art. 7, § 6 of the Idaho Constitution, "allows the legislature to 'invest in the corporate authorities ... the power to assess and collect taxes for all purposes of such corporation.'" Thus the grant of taxing power to cities is not self-executing or unlimited. It is limited by what taxing power the legislature authorizes in its implementing legislation.

There is no argument here that our legislature has authorized the imposition of such a tax if indeed it is denominated a tax. The city of Pocatello, however, contends that its street maintenance fee is specifically authorized by I.C. § 63–2201A. We disagree. That statute provides: "Notwithstanding any other provision of law, the governing board of any taxing district may impose and cause to be collected fees for those services provided by that district which would otherwise be funded by ad valorem tax revenues." We hold that while such statute provides for the imposition of certain fees, nowhere does it autho-

rize a municipality to impose a *tax* upon users or abutters of public streets. While art. 7, § 6 of the Idaho Constitution permits municipal corporations to impose their own taxes, such power is limited by the taxing power authorized by the legislature. *Sun Valley Co. v. City of Sun Valley, supra.*

The principal thrust of appellants' argument is that the funds sought to be collected by the city through the enactment of the ordinance constitute a fee reasonably related to services to be provided by the city, and hence are not a "tax" as such. We disagree. Admittedly, municipalities under art. 12, § 2 are empowered to enact regulations for the furtherance of the public health, safety or morals or welfare of its residents. *See Caeser v. State,* 101 Idaho 158, 610 P.2d 517 (1980); *Rowe v. City of Pocatello,* 70 Idaho 343, 218 P.2d 695 (1950). Such police power regulation may provide for the collection of revenue incidental to the enforcement of that regulation. *State v. Nelson,* 36 Idaho 713, 213 P. 358 (1923); *Foster's, Inc. v. Boise City,* 63 Idaho 201, 118 P.2d 721 (1941). Our decision in *Greater Boise Auditorium District v. Royal Inn of Boise,* 106 Idaho 884, 684 P.2d 286 (1984) overruled *State v. Nelson, supra,* only in part, which is not relevant herein. If municipal regulations are to be held validly enacted under the police power, funds generated thereby must bear some reasonable relationship to the cost of enforcing the regulation. *State v. Nelson, supra; Foster's Inc. v. Boise City, supra.*

As stated in *State v. Nelson, supra,* municipal regulations enacted under the police power may provide revenue incidental to the enforcement of the regulation.

> It is quite clear that the ordinance in question in the instant case was enacted for the purpose of raising revenue only, —first, because by its terms it so provides, and secondly, it has no provisions of regulation. (citation omitted). A license that is imposed for revenue is not a police regulation, but a tax, and can only be upheld under the power of taxation. (citation omitted).

36 Idaho at 722, 213 Pac. at 361.

This Court in *Foster's, Inc. v. Boise City, supra,* relied upon the principles of *Nelson* when it upheld the validity of a Boise city parking meter ordinance. It determined that any revenue collected through the operation of the parking meters was incidental to the city's police power to regulate traffic and parking. The Court noted in *Foster's* that while the right to travel over a street or highway is a primary absolute right of everyone, it may be regulated in many ways such as speed, stops, rights of way, and required vehicle equipment. The Court stated:

> Effective exercise of the police power necessarily involves expenditures in many ways. The means and instrumentalities, by and through which the supervising powers of the policing authority are brought to bear on the subject to be regulated, involve costs and expenses. It is only reasonable and fair to require the business, traffic, act, or thing that necessitates policing to pay this expense. To do so has been uniformly upheld by the courts. *On the other hand, this power may not be resorted to as a shield or subterfuge, under which to enact and enforce a revenue-raising ordinance or statute.* (emphasis added).

63 Idaho at 218–219, 118 P.2d at 728.

In the instant case it is clear that the revenue to be collected from Pocatello's street fee has no necessary relationship to the regulation of travel over its streets, but rather is to generate funds for the non-regulatory function of repairing and maintaining streets. The maintenance and repair of streets is a non-regulatory function as the terms apply to the facts of the instant case. We view the essence of the charge at issue here as imposed on occupants or owners of property for the privilege of having a public street abut their property. In that respect it is not dissimilar from a tax imposed for the privilege of owning property within the municipal limits of Pocatello. The privilege of having the usage of city streets which abuts one's property, is in no respect different from the privilege shared by the general public in the usage of public streets.

We agree with appellants that municipalities at times provide sewer, water and electrical services to its residents. However, those services, in one way or another, are based on user's consumption of the particular commodity, as are fees imposed for public services such as the recording of wills or filing legal actions. In a general sense a fee is a charge for a direct public service rendered to the particular consumer, while a tax is a forced contribution by the public at large to meet public needs.

While otherwise argued, we see it clear that the municipal ordinance in question is not designed for the regulation of traffic under the police power, but rather clearly a revenue raising measure.

Even assuming that the city possessed authority to declare all of its streets subject to the payment of a toll, such would not justify the imposition of a fee upon an owner or occupier of property adjacent to such a toll facility solely because of such occupancy or ownership. In any event, such scheme would certainly require authorizing legislation.

We hold therefore, that the attempted imposition of the "fee" by the city of Pocatello is in reality the imposition of a tax. The city has previously recognized such principle and attempted to gain the support of the electorate for the much needed street programs. That voter approval has been denied. To some, that withholding of approval for necessary repairs may be shortsighted and/or self-defeating, but that nevertheless has been the view of the electorate, and it will not be overturned by validating the actions of the city here, no matter how well-intentioned and desirable the ultimate result may be.

The judgment and orders of the district court are affirmed. Costs to respondents.

BISTLINE and JOHNSON, JJ., GRANATA and BOYLE, District Judges Pro Tem., concur.