890 P.2d 326

**IDAHO BUILDING CONTRACTORS ASSOCIATION, an Idaho non-profit corporation, and Rod Underhill, d/b/a Underhill Construction and Remodeling, Plaintiffs–Respondents,**

v.

**The CITY OF COEUR D'ALENE, an Idaho municipal corporation, Defendant–Appellant.**

No. 21231.

Supreme Court of Idaho, Boise November 1994 Term.

Feb. 22, 1995.

Lukins & Annis, Coeur d'Alene, for appellant. Charles W. Hosack argued.

Penland & Munther, Boise, for respondents. Forrest R. Goodrum argued.

TROUT, Justice.

This is an appeal from a declaratory judgment action in which Idaho Building Contractors Association (IBCA) sought a determination of whether the city of Coeur d'Alene (City) could impose an impact fee as a precondition to the issuance of a building permit. The district court granted summary judgment to IBCA based on a finding that the fee was void as an illegal tax imposed without an enabling statute. The City now appeals the adverse judgment.

## I.

### BACKGROUND

On November 16, 1993 the Coeur d'Alene City Council passed Ordinance No. 2569 entitled "Development Impact Fee Ordinance." "Development impact fee" is defined by the ordinance as "a payment of money imposed as a condition of development approval to pay for a proportionate share of the cost of improvements needed to serve development...." Coeur d'Alene, Idaho, Ordinance No. 2569, § 14.01.020(I) (1993). "Development" is then defined by the ordinance as "any man-made change to improved or unimproved real property, the use of any principal structure or land, or any other activity that requires issuance of a building permit." *Id.* at § 14.01.020(H). The fees collected are to be spent on capital improvements which are

defined as public facilities, although from the preface to the ordinance the City is apparently referencing facilities and services including libraries, police, fire and circulation (streets). The fees range from $720 to $882 for a single family dwelling.

The IBCA filed an action on behalf of its members, and moved for summary judgment based on the assertion that the Idaho Development Impact Fee Act (I.C. §§ 67–8201 to –8216) does not apply to the City, and therefore there is no statute empowering the City to collect the impact fees. The City filed its own motion for summary judgment arguing that the ordinance was a valid exercise of its police powers pursuant to art. 12, § 2 of the Idaho Constitution, and therefore, the ordinance only needed to pass a reasonableness test to be enforceable.

After a hearing, the district court granted IBCA's motion for summary judgment. The court found that the impact fee was not authorized by the Development Impact Fee Act because this Act applies only to cities in counties with populations greater than 200,000. The City is within Kootenai County which has a population of less than 200,000. The district court also ruled the impact fee was not a regulation which would be authorized under the police power granted by art. 12, § 2 of the Idaho Constitution, but rather was a tax. Determining that the impact fee was a tax, the court held that the legislature must enact a statute giving the City the authority to collect the impact fees.

## II.

### STANDARD OF REVIEW

In reviewing the grant of summary judgment, we review all the pleadings, depositions, and admissions on file together with the affidavits, if any, to determine whether there is a genuine issue as to any material fact, and whether the moving party is entitled to a judgment as a matter of law. *Harris v. State Dep't of Health & Welfare*, 123 Idaho 295, 298, 847 P.2d 1156, 1159 (1993). In doing so we will construe all facts liberally

in favor of the party opposing the motion, and will draw all reasonable inferences from the record in favor of the non-moving party. *Id.*

## III.

### THE ORDINANCE IS NOT A VALID EXERCISE OF THE CITY'S POLICE POWERS

■ We begin our analysis with a brief review of the sources of authority by which a municipality can assess charges on the public or particular users. One source is by legislative enactment which specifically permits the municipality to fund a particular project through the assessment of taxes or fees, such as that upheld in *Kootenai County Property Ass'n v. Kootenai County*, 115 Idaho 676, 769 P.2d 553 (1989). The only legislation which may arguably permit the City to assess the impact fee it seeks here is the Development Impact Fee Act. That Act, as the district court found, is not applicable to this City and county which have a population of less than 200,000.[1]

■ Further authority is found in art. 7, § 6 of the Idaho Constitution which permits a municipal corporation to assess and collect taxes for all purposes of the corporation. However, that taxing authority is not self-executing and is limited to that taxing power given to the municipality by the legislature. *Brewster v. City of Pocatello*, 115 Idaho 502, 503–04, 768 P.2d 765, 766–67 (1988). Neither party has asserted, nor have we found, any statutory authority which would permit the assessment of a tax by the City for the public facilities it seeks to fund here.

■ Finally, it has long been recognized that "municipalities under art. 12, § 2 are empowered to enact regulations for the furtherance of the public health, safety or morals or welfare of its residents." *Brewster* at 504, 768 P.2d at 767 (citing *Caesar v. State*, 101 Idaho 158, 610 P.2d 517 (1980); *Rowe v. City of Pocatello*, 70 Idaho 343, 218 P.2d 695 (1950)). In addition, under its police powers,

---

1. In this appeal we have not been presented with the question of whether the legislature, by passing the Development Impact Fee Act, has com-pletely pre-empted the area of impact fee assessment, and thus, we do not address that issue.

the municipality may provide for "the collection of revenue incidental to the enforcement of that regulation." *Id.* at 504, 768 P.2d at 767 (citing *Foster's, Inc. v. Boise City*, 63 Idaho 201, 118 P.2d 721 (1941); *State v. Nelson*, 36 Idaho 713, 213 P. 358 (1923)). However, if the fee or charge is imposed primarily for revenue raising purposes, it is in essence a tax and can only be upheld under the power of taxation. *Id.*

The City argues that it has the power to enact an ordinance requiring impact fees to be paid upon the issuance of building permits, which fees will be used for various capital improvements for public facilities. The City argues that the fact that the fees are to be used for police, health, and safety needs illustrates that the collection of these fees is within the City's police powers granted by the Idaho Constitution.

Art. 12, § 2 of the Idaho Constitution provides:

**Local police regulations authorized.**— Any county or incorporated city or town may make and enforce, within its limits, all such local police, sanitary and other regulations as are not in conflict with its charter or with the general laws.

This provision only grants a city the limited authority to regulate for the purpose of exercising its police powers. The primary question presented in this appeal is whether this is a proper police power regulation, or is instead a tax.

In *Loomis v. City of Hailey*, 119 Idaho 434, 807 P.2d 1272 (1991), we articulated a two-part test in determining the propriety of city action. "First, we must determine whether the connection fee constitutes an impermissible tax. Secondly, we must determine whether the connection fee is appropriately and reasonably assessed." *Id.* at 437, 807 P.2d at 1275. Under the first step of the analysis, we consider whether, on its face, the impact fee is a tax or a regulation. If it at least appears to be a regulation, we then reach the question of whether or not it is reasonably related to the regulated activity. If it is not reasonably related to the regulation, then it is purely a revenue raising as-

sessment, and once again is not permissible without a specific legislative enactment.

In the present case, we find that the first step of the analysis leads to the conclusion that the assessment is a tax, and not a regulatory fee. The City's impact fee ordinance purports to assess a fee to support additional facilities or services made necessary by the development, and to shift the cost of those additional facilities and services from the public at large to the development itself. Unfortunately there is otherwise nothing in the ordinance which in any way limits the use of the revenue created. It is to be used for "capital improvements" without limitation as to the location of those improvements or whether they will in fact be used solely by those creating the new developments. This is antithetical to this Court's definition of a fee. "[A] fee is a charge for a direct public service rendered to the particular consumer, while a tax is a forced contribution by the public at large to meet public needs." *Brewster v. City of Pocatello*, 115 Idaho 502, 505, 768 P.2d 765, 768 (1988).

The ordinance the City enacted states that the fees will be used for all public facility infrastructures, which again illustrates a shift from the development creating the demand to the public at large. Moreover, the impact fee is charged in addition to other administrative charges associated with building. The impact fee does not include the charge for the administrative or plan review, and does not cover hookup costs, drainage, sewer, water or other services. This demonstrates that the fee is not collected to pay for the individual services associated with a new building, but is for the public at large. The City argues that the impact fees are assessed against the individual applying for the building permit because this individual is responsible for an increase in the demand on public facilities such as police, fire, and libraries. However, the fact that the fee is collected every time a building permit is applied for illustrates the error in this argument. Under the City's ordinance, a Coeur d'Alene resident of forty years, who chooses to build a new house, is assessed this fee. The fee is collected despite the fact that the resident already uses the public facilities, and is not

increasing the demand on them. This is clearly a revenue raising measure, not a regulation.

The City cites *Alpert v. Boise Water Corp.*, 118 Idaho 136, 795 P.2d 298 (1990), and *Brewster v. City of Pocatello*, 115 Idaho 502, 768 P.2d 765 (1988), in support of its claim that the impact fee ordinance is within its police powers. The City argues that *Brewster* and *Alpert* stand for the proposition that a charge for a direct public service to a user or consumer is not a tax. However, their reliance on these opinions is misplaced. These cases state that taxes serve the purpose of providing funding for public services at large, whereas a fee serves only the purpose of covering the cost of the particular service provided by the state to the individual. *Alpert v. Boise Water Corp.*, 118 Idaho at 145, 795 P.2d at 307 (quoting *Brewster*, 115 Idaho at 504, 768 P.2d at 767). In *Brewster* we stated:

> It is only reasonable and fair to require the business, traffic, act, or thing that necessitates policing to pay this expense. To do so has been uniformly upheld by the courts. *On the other hand, this power may not be resorted to as a shield or subterfuge, under which to enact and enforce a revenue-raising ordinance or statute.* (emphasis added).

*Brewster* at 504, 768 P.2d at 767 (quoting *Foster's, Inc. v. Boise City*, 63 Idaho 201, 218–19, 118 P.2d 721, 728 (1941). The Court then observed that the fee sought to be collected by the city of Pocatello had no direct relationship to the regulation of the city streets, and instead was clearly designed to generate money for non-regulatory functions, such as maintenance and repair of the streets. The Court then stated:

> We view the essence of the charge at issue here as imposed on occupants or owners of property for the privilege of having a public street abut their property. In that respect it is not dissimilar from a tax imposed for the privilege of owning property within the municipal limits of Pocatello. The privilege of having the usage of city streets which abuts one's property, is in no respect different from the privilege shared by the general public in the usage of public streets.

*Id.* Similarly, the assessment here is no different than a charge for the privilege of living in the City of Coeur d'Alene. It is a privilege shared by the general public which utilizes the same facilities and services as those purchasing building permits for new construction. The impact fee at issue here serves the purpose of providing funding for public services at large, and not to the individual assessed, and therefore is a tax. The fact that additional services are made necessary by growth and development does not change the essential nature of the services provided: they are for the public at large.

Both parties cite *Kootenai County Property Ass'n v. Kootenai County*, 115 Idaho 676, 769 P.2d 553 (1989), in support of their arguments. In *Kootenai County*, we noted that a fee for the use of a sewer system may be imposed on all persons in the benefitted area, even if it could not be proven that all such persons were in fact using a solid waste disposal system. *Id.* We are not confronted with that situation here. The revenues generated in this case are paid into a general fund to be used on capital improvements both inside and outside the development, and not for use solely in the area where the building being assessed the fees is being constructed. Moreover, in *Kootenai County* there was a statute in place which specifically authorized the county commissioners to develop solid waste systems and to fund that through taxes and fees. There is no assertion that any statutory authority exists in this instance to support the City's assessment of impact fees.

It is evident that the impact fees at issue are designed to generate revenues to be used for capital improvements throughout the City by all residents, and not solely for the benefit of those seeking the building permit. The fee is imposed on certain individuals for use by the public at large, and we thus hold that it is a tax and therefore not within the legitimate regulatory powers of the City.

## IV.

### THE REASONABLENESS OF THE IMPACT FEE IS NOT AN ISSUE IN THIS CASE

■ The City argues that IBCA did not controvert the City's evidence that the ordi-

nance was reasonably related to the regulated activity. Thus it is the City's position that the district court had to find, for the purposes of summary judgment, that the regulation was a reasonable exercise of the City's police power, and that summary judgment could not be entered in favor of the respondent. The City argues that since a regulation must only bear a reasonable relationship to the public health, safety, morals or general welfare and no evidence refuting this was presented by the respondent, then for the purposes of summary judgment it must be found to be reasonable.

Because we previously concluded that the ordinance here, no matter how rationally and reasonably drafted, imposes a tax and not a regulatory fee, we do not ever reach the second part of the *Loomis* test set forth above. The reasonableness of the ordinance simply never becomes an issue. *See Brewster v. City of Pocatello,* 115 Idaho 502, 768 P.2d 765 (1988).

### V.

### CONCLUSION

We find that the imposition of the impact fee by the City is in reality a tax, not a regulation. The City does not have in this particular instance the constitutional or statutory authority to enact an ordinance that collects fees from individuals which pay for capital improvements for the public at large. The district court correctly pointed out that no matter how reasonable the City was in drafting the ordinance, it enacted a tax and not a regulation, and therefore the reasonableness of the fee is not an issue in this case. In order for the tax to be effective, the City must be empowered by the legislature or our Constitution. Finding no enabling legislation, we hold that the impact fee ordinance is without authority and is therefore invalid. Costs to respondent.

McDEVITT, C.J., JOHNSON and SILAK, JJ., and MOSS, J. Pro Tem., concur.