20 P.3d 1

Victor SANCHEZ, Petitioner–Appellant,

v.

CITY OF CALDWELL, Respondent.

No. 26134.

Supreme Court of Idaho,
Boise, January 2001 Term.

March 1, 2001.

William E. Little, Boise, for appellant.

Hamilton, Michaelson & Hilty, LLP, Nampa, for respondent. Raymond George DeFord, Jr. argued.

EISMANN, Justice.

This is an appeal from an order upholding the constitutionality of a city ordinance that denies a retail license for the sale of beer or wine to someone who, within the past five years, has been convicted of driving while under the influence of alcohol, drugs, or other intoxicating substances. We affirm the order of the district court.

## FACTS AND PROCEDURAL BACKGROUND

Victor Sanchez had obtained licenses from the City of Caldwell to sell beer and wine in two businesses he owned. One business sold beer and wine for on-site consumption, and the other sold beer and wine for take-out. When the licenses were due to expire, he submitted a request to the city clerk to have them renewed. An investigation disclosed that he had been convicted of driving while under the influence of alcohol and/or drugs during the prior year. The city had an ordinance which provided that no license issued by the city to sell beer or wine shall be renewed if the applicant "has been convicted of driving a motor vehicle under the influence of alcohol, drugs or any other intoxicating substances ... within five (5) years prior to the date of the making of the application for license." Based upon that ordinance, the city clerk denied Mr. Sanchez' application to have his licenses renewed.

Mr. Sanchez appealed the denial to the city council, asking it to declare the ordinance unconstitutional. The city council declined to

do so, and he then filed a petition for judicial review with the district court. The district court found the ordinance to be constitutional, and Mr. Sanchez then appealed to this Court.

## STANDARD OF REVIEW

■ When this Court considers a claim that a city ordinance is unconstitutional, we review the trial court's ruling *de novo* since it involves purely a question of law. *State v. Cobb*, 132 Idaho 195, 969 P.2d 244 (1998). There is a strong presumption of the validity of the ordinance. *Id.*

## ANALYSIS

### a. Denial of equal protection.

■ Mr. Sanchez argues that the city ordinance which prevents him from having his beer and wine license renewed is unconstitutional because there is no rational relationship between his having been convicted of driving while under the influence and his operating a business involved in the retail sale of beer and wine. Although Mr. Sanchez does not identify the constitutional provision upon which he relies, he is apparently arguing that the ordinance violates the Equal Protection Clause of the federal constitution.

■ The first step in an equal protection analysis is to identify the classification under attack. *Coghlan v. Beta Theta Pi Fraternity*, 133 Idaho 388, 987 P.2d 300 (1999). In this case, the classification at issue is whether the ordinance impermissibly discriminates against applicants for beer and wine licenses who have been convicted within the prior five years of driving a motor vehicle while under the influence of alcohol, drugs, or other intoxicating substance. The second step is to articulate the standard under which the classification will be tested: strict scrutiny, means-focus, and rational basis. *Id.* In this case, Mr. Sanchez concedes that the "rational basis" test is the appropriate one to apply. The third step is to determine whether the standard has been satisfied. *Id.*

■ A classification will survive rational basis analysis if the classification is rationally related to a legitimate governmental purpose. *Id.* In such analysis, courts do not judge the wisdom or fairness of the ordinance being challenged. *Id.* The classification is presumed valid, and the person attacking the classification in the ordinance has the burden to negative every conceivable basis that might support it. *Id.* Under the rational basis test, a classification will withstand an equal protection challenge if there is any conceivable state of facts that will support it. *Id.*

Cities certainly have a legitimate interest in preventing people from operating motor vehicles while under the influence of alcohol. Without question, the intoxicated driver is one of society's greatest concerns. *State v. Henderson*, 114 Idaho 293, 756 P.2d 1057 (1988). Not only is that conduct criminal, but it creates a risk of injury to others lawfully using the highways. The carnage caused by intoxicated drivers is well documented. *Id.* The legal cause of such injuries can include those who sold alcoholic beverages to the intoxicated driver. Idaho Code § 23–808 recognizes that retail sellers of alcoholic beverages have a duty not to sell alcohol to someone who they know or reasonably should know is obviously intoxicated, and it provides that they can be held liable for damages caused by such persons.[1]

1. The statute provides insofar as is relevant as follows:

    **23–808. Legislative finding and intent—Cause of action.**—(1) ... the legislature finds that the furnishing of alcoholic beverages may constitute a proximate cause of injuries inflicted by intoxicated persons under the circumstances set forth in subsection (3) of this section.
    . . .
    (3) A person who has suffered injury, death or any other damage caused by an intoxicated person, may bring a claim or cause of action against any person who sold or otherwise furnished alcoholic beverages to the intoxicated person, only if:
    . . .
    (b) The intoxicated person was obviously intoxicated at the time the alcoholic beverages were sold or furnished, and the person who sold or furnished the alcoholic beverages knew or ought reasonably to have known that the intoxicated person was obviously intoxicated.
    . . .

The City of Caldwell could reasonably conclude that a retail seller of alcoholic beverages who had himself recently been convicted of driving while under the influence of alcohol or drugs would be less likely to fulfill his obligation of not selling alcoholic beverages to those who are intoxicated. If a retail seller of alcohol has been unable or unwilling to recognize when he himself was too intoxicated to be driving a motor vehicle, the City of Caldwell could reasonably conclude that he would not use sufficient care to refrain from selling beer and wine to intoxicated customers. We therefore hold that the ordinance adopted by the City of Caldwell is rationally related to a legitimate governmental purpose.

**b. The city's police power.**

Mr. Sanchez also argues that the ordinance in question is beyond the police power of the City of Caldwell. The Constitution of the State of Idaho grants to cities the right to make and enforce, within their limits, all local police regulations that are not in conflict with their charters or with the general laws.[2] The police power granted by this constitutional provision includes the right to regulate the sale of alcoholic beverages within the city limits. *Taggart v. Latah County,* 78 Idaho 99, 298 P.2d 979 (1956). This general grant of police power, however, is limited by the restriction that ordinances enacted under the authority conferred by this constitutional provision must not be unreasonable or arbitrary. *Benewah County Cattlemen's Association, Inc. v. Board of County Commissioners of Benewah County,* 105 Idaho 209, 668 P.2d 85 (1983).

Whether or not an ordinance is unreasonable or arbitrary is a question of law for the Court. *Lewiston Pistol Club, Inc. v. Board of County Commissioners of Nez Perce County,* 96 Idaho 137, 525 P.2d 332 (1974). Every intendment is to be made in

favor of the lawfulness of the exercise of municipal power making regulations to promote the public health and safety. *State v. Finney,* 65 Idaho 630, 150 P.2d 130 (1944). It is not the province of courts, except in clear cases, to interfere with the exercise of the power reposed by law in municipal corporations for the protection of local rights and the health and welfare of the people in the community. *Id.* The Court is not concerned with the wisdom of the ordinance. That is a matter for the legislative authority. *Gartland v. Talbott,* 72 Idaho 125, 237 P.2d 1067 (1951). The ordinance will be upheld unless it is clearly unreasonable or arbitrary. *State v. Clark,* 88 Idaho 365, 399 P.2d 955 (1965).

Mr. Sanchez argues that the Caldwell ordinance is unreasonable or arbitrary because a conviction for driving while under the influence does not have a sufficient relationship to the person's fitness to be a retail seller of beer and wine. For the same reason that we held the ordinance is rationally related to a legitimate governmental purpose, we hold that the ordinance is not unreasonable or arbitrary.

**c. Attorney fees.**

The City of Caldwell requests that it be awarded attorney fees pursuant to Idaho Appellate Rule 41 and Idaho Code § 12–121. Attorney fees are proper under these provisions "only when this court is left with the abiding belief that the appeal was brought, pursued or defended frivolously, unreasonably or without foundation." *Minich v. Gem State Developers, Inc.,* 99 Idaho 911, 918, 591 P.2d 1078, 1085 (1979). Applying this standard to the facts of this case, we do not believe the arguments raised by Sanchez were frivolous, unreasonable or without foundation. We have never before faced this

---

(6) For the purposes of this section, the term "alcoholic beverage" shall include ... beer as defined in section 23–1001, Idaho Code, and wine as defined in section 23–1303, Idaho Code.

2. Section 2 of Article XII of the Constitution of the State of Idaho provides:

    **Local police regulations authorized.**—Any county or incorporated city or town may make

and enforce, within its limits, all such local police, sanitary and other regulations as are not in conflict with its charter or with the general laws.

The phrase "general laws" includes other provisions of the state constitution, acts of the state legislature, and the constitution and laws of the United States. *Rowe v. City of Pocatello,* 70 Idaho 343, 218 P.2d 695 (1950).

particular issue, and therefore we decline to award attorney fees to the City of Caldwell.

## CONCLUSION

The decision of the district court upholding the constitutionality of the ordinance is affirmed. Costs are awarded to the City of Caldwell. No attorney fees are allowed.

TROUT, C.J., and SCHROEDER, WALTERS and KIDWELL, JJ., concur.