Richard GOMEZ, Plaintiff—Appellee,

v.

MASTEC NORTH AMERICA, INC.,
a Florida corporation, et. al,
Defendants—Appellants.

Richard Gomez, Plaintiff—Appellant,

v.

MasTec North America, Inc., a Florida
corporation, et. al, Defendants—
Appellees.

Nos. 07–35045, 07–35067.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 5, 2008.

Filed July 3, 2008.

Eric S. Rossman, Esq., Erica S. Phillips,
Rossman Law Group, PLLC, Boise, ID,
for Plaintiff–Appellee.

**518**

Richard C. Boardman, Esq., Christine Salmi, Perkins Coie, LLP, Boise, ID, for Defendants–Appellants.

Before: FERNANDEZ and CALLAHAN, Circuit Judges, and GONZALEZ *, Chief District Judge.

### MEMORANDUM**

MasTec North America, Inc. ("MasTec") appeals the entry of a $1,579,468.88 judgment in a breach of contract suit brought by a former employee, Richard Gomez. Gomez cross-appeals the district court's grant of summary judgment on Gomez's breach of contract claim against Renegade of Idaho, Inc. ("Renegade"), a MasTec affiliate. The district court applied Idaho law to the substantive issues in the case on the basis of diversity of citizenship jurisdiction under 28 U.S.C. § 1332(a). *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1094 (9th Cir.2004). We have jurisdiction over the case pursuant to 28 U.S.C. § 1291. Because the facts and procedural history of this case are known to the parties, we do not repeat them herein. We affirm the district court's decision in its entirety.

(1) First, MasTec argues the district court erred in refusing to give MasTec's proposed "meeting of the minds" instructions to the jury. We review the district court's conclusion that the evidence did not support the proposed instructions for abuse of discretion. *Desrosiers v. Flight Int'l of Fla. Inc.*, 156 F.3d 952, 959 (9th Cir.1998). Both sides offered evidence at trial that they agreed Gomez would receive a bonus equal to the profits of the company's "Boring Division" above 25% and below 32%. Gomez testified "Boring Division" included in-house, subcontractor, and intra-company bore crews, but Dennis Dayley, who negotiated the contract on behalf of MasTec, testified "Boring Division" only meant in-house bore crews.

MasTec's proposed instructions required the jury to determine whether the parties shared a common understanding of all material terms at the time of contracting and whether they thus entered into a binding agreement. MasTec relied on the rule that "[t]he minds of the parties must meet as to all the terms before a contract is formed. Proof of a meeting of the minds requires evidence of mutual understanding as to the terms of the agreement and the assent of both parties." *Potts Constr. Co. v. N. Kootenai Water Dist.*, 141 Idaho 678, 116 P.3d 8, 11 (2005) (internal citations omitted).

■ The district court refused to give the proposed instructions, finding the evidence presented at trial demonstrated the parties indisputably agreed to the essential terms of the contract. MasTec argues the jury could have found Dayley and Gomez believed different, equally reasonable interpretations of "Boring Division" and thus there was no "meeting of the minds." But the testimony of both Dayley and Gomez supported finding a mutual understanding. Gomez testified Dayley said the bonus would be based on all crews, indicating "all crews" was the mutual understanding. Dayley testified they only discussed in-house bore crews during the meeting, indicating "in-house only" was the mutual un-

---

* The Honorable Irma E. Gonzalez, United States Chief District Judge for the Southern District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

derstanding. Thus the instructions actually given by the trial court only required the jury to determine which term reflected the parties' shared understanding. Because the evidence presented at trial did not demonstrate a dispute as to whether the parties ever reached a shared understanding, the district court did not abuse its discretion in rejecting the proposed instructions.

(2) We do not reach the substance of two issues because MasTec did not preserve them for review. MasTec asserts the district court erred in denying its motion for summary judgment on the ground that Gomez's claim for bonus compensation was barred by the Statute of Frauds. Because MasTec did not introduce facts on this issue at trial, MasTec waived the issue. *Banuelos v. Constr. Laborers' Trust Funds for S. Cal.,* 382 F.3d 897, 902 (9th Cir.2004). MasTec also failed to preserve for review an asserted error in the jury instruction on spoliation of evidence. MasTec did not object to the portion of the instruction which it now claims was incorrect. *See* Fed.R.Civ.P. 51(c)(1); *Snake River Valley Elec. Ass'n v. PacifiCorp,* 357 F.3d 1042, 1053 (9th Cir.2004) (holding that party waived right to challenge portion of a jury instruction on appeal by not objecting with requisite specificity in district court); *United States v. Kessi,* 868 F.2d 1097, 1102 (9th Cir.1989) (same).

■ (3) MasTec further argues Gomez's claims are barred by the statute of limitations and the trial court improperly denied MasTec's motion for judgment as a matter of law on this ground. We review *de novo* the district court's rulings on questions of law. *See Nw. Airlines, Inc. v. Camacho,* 296 F.3d 787, 789 (9th Cir.2002). Under Idaho Code Section 45–614, claims for "wages" are subject to a two-year statute of limitations but claims for "additional wages" from a specified pay period must be filed within six months of accrual. The Idaho Supreme Court has clarified a bonus or severance payment is a "wage" if it is "part of the compensation bargained for in the agreement of employment" and "not a mere gratuity." *Johnson v. Allied Stores Corp.,* 106 Idaho 363, 679 P.2d 640, 644 (1984); *see also Thomas v. Ballou–Latimer Drug Co.,* 92 Idaho 337, 442 P.2d 747, 752 (1968). Although Gomez received a holiday bonus for the year 2002, this bonus was gratuitous. Accordingly, the profit-based bonus MasTec owed Gomez was not "additional wages" for 2002. The district court did not err in applying the two-year statute of limitations.

■ (4) Gomez cross-appeals the district court's grant of summary judgment on his breach of contract claim against Renegade. We review *de novo* a district court's grant of summary judgment. *Hambleton Bros. Lumber Co. v. Balkin Enters., Inc.,* 397 F.3d 1217, 1226 n. 8 (9th Cir.2005). The district court held the indemnification provision in the Asset Purchase Agreement between Gomez and MasTec barred Gomez's claim against Renegade. The clause applies to "affiliates" of MasTec, and Renegade has the same parent company as MasTec. "The intent of the parties is determined from the plain meaning of the words. A contract is not rendered ambiguous on its face because one of the parties thought that the words used had some meaning that differed from the ordinary meaning of those words." *Swanson v. Beco Constr. Co.,* 145 Idaho 59, 175 P.3d 748, 752 (2007) (internal citations omitted). The plain meaning of "affiliate" includes affiliated corporations. See Black's Law Dictionary 58 (6th ed.1990); *Webster's Third New International Dictionary* 35 (1986). Furthermore, the group of MasTec "affiliates" is

not so numerous as to make the clause too vague and ambiguous to be applied. *Cf. Stewart v. Arrington Constr. Co.,* 92 Idaho 526, 446 P.2d 895, 901 (1968) (explaining members of the public may not recover as beneficiaries to contract between city and construction company). Accordingly, the district court correctly found the indemnification provision barred Gomez's claim against Renegade.

AFFIRMED.