533 P.2d 1199

**COUNTY OF ADA, a political subdivision of the State of Idaho, By the BOARD OF COUNTY COMMISSIONERS of said County, et al., Plaintiff-Respondent,**

v.

**Frank E. WALTER and Zada M. Walter, husband and wife, Defendants-Appellants.**

**No. 11272.**

Supreme Court of Idaho.

April 11, 1975.

R. B. Rock, of Moffatt, Thomas, Barrett & Blanton, Boise, for defendants-appellants.

James E. Risch, Pros. Atty., David Dale Goss, Deputy Pros. Atty., Boise, for plaintiff-respondent.

McFADDEN, Justice.

Defendants-appellants Frank E. Walter and Zada M. Walter purchased 18 acres of property west of Boise, Idaho, Ada County intending to develop a mobile home court. At the time of purchase, the property was zoned D–1 or Rural District. Pursuant to Ada County Zoning Ordinances, a D–1 zone does not permit uses for mobile home courts. Therefore, the appellants, April 1, 1970, made application with the Ada County Planning and Zoning Commission for a zone change from D–1 to Urban Residential, Mobile Home—R–2, MH. The change would have permitted the construction of appellants' proposed 20 unit court.

Public hearing on the application was duly advertised and held April 23, 1970 by the Ada County Planning and Zoning Commission. Testimony was entered including a statement issued April 14, 1970, by a Dry Creek Soil and Water Conservation District Conservationist finding the area not suitable for individual sewage disposal systems. The zone change was not granted. May 12, 1970, a public hearing was held by the Board of Ada County Commissioners on the subject of the appli-

cation. Decision was issued in the form of a letter May 19, 1970, denying the requested change due to non-compliance with over-all Comprehensive Plan objectives.

July 14, 1970, appellant Frank Walter contacted the Ada County Planning and Zoning office in order to obtain a permit to move a mobile home onto the property for purposes of maintaining temporary residence while constructing a permanent home thereon. Subsequent to conversation with a staff planner, the above permit was issued along with a zoning certificate permitting maintenance of three additional mobile homes on appellants' divided 18 acre tract. Another member of the County Planning and Zoning staff immediately notified appellants that the permit issued for maintenance of the three additional mobile homes "most likely" was issued in violation of the Ada County Zoning Ordinance. As such, appellants were asked to appear before the Ada County Planning and Zoning Commission to show cause why the permit should not be revoked. An appearance was made, and upon failure to reach a conclusion, the Commission referred the matter to the Ada County Prosecuting Attorney's Office.

In a final attempt to resolve the matter prior to litigation, November 3, 1970, Frank Walter contacted the director of the Ada County Planning and Zoning Commission. Appellant Walter, the director, and the Ada County Commissioners along with the Ada County Prosecuting Attorney, held discussions whereby an agreement was reached allowing the appellants to maintain three mobile homes on their property for rental purposes.

March 3, 1972, the building officer for the Ada County Planning and Zoning Commission visited appellants' premises and found an additional mobile home. Suit was instituted March 10, 1972, by plaintiff-respondent County of Ada to perpetually enjoin use of the property as a mobile home court and to cause the removal of structures errected incident thereto. The district court entered judgment whereby the defendants were perpetually enjoined from the complained of use and were required to remove all incident structures within 60 days. From that judgment the Walters perfected this appeal.

Appellants initially assign error to the district court conclusion that maintenance of four mobile homes upon their 18 acre tract constituted a mobile home court.

Section 2.121, Zoning Ordinance, Ada County, 1968, contains the following definition:

> *"Trailer (automobile trailer and mobile home.)* Any vehicle or structure constructed in such manner as to permit occupancy thereof as living quarters, or the conduct of any business, trade or occupation, or use as a selling or advertising device, or use for storage or conveyance for tools, equipment, or machinery, and so designed that it is or may be mounted on wheels and used as a conveyance on highways and streets, propelled or drawn by its own or other motor power."

Evidence is uncontradicted that the appellants maintained upon their property mobile homes as defined in the above-quoted section. Section 2.122, Zoning Ordinance, Ada County, 1968, contains the following definition of mobile home court:

> *"Trailer Court of mobile home court.* Any area, tract, plot, or site of land whereupon two (2) or more mobile homes are placed, located and maintained for dwelling purposes only, either on a permanent or semi-permanent basis and for which a fee, rental or contract for payment for such use is collected by or collectible to the person holding the land."

■ The record supports that the appellants' mobile homes were placed upon their property for the purpose of obtaining rent. Since the above definition merely requires that two or more mobile homes be placed on a piece of property and rent be obtained for their use by the person holding the land, the district court properly concluded

that the appellants' operation was a mobile home court.

Appellants next assign error to the district court finding that no authority exists within the Zoning Ordinance, Ada County, 1968, for maintenance of a mobile home court within a D–1 zone. They further argue the district court erred in finding that no authority exists within said Ordinance for any person to authorize mobile home court use, and therefore, action on the part of the County Commissioners authorizing or condoning such use was valid. We are not persuaded by these arguments.

Article XII, Section 2, Constitution of the State of Idaho, states any county may make "local police, sanitary and other regulations as are not in conflict with its charter or with general laws." Pursuant to that authority, in 1963 Ada County passed a zoning ordinance. Chapter 25 of that Ordinance sets forth procedural requirements for establishment and future amendment of zones. At all times relevant herein, appellants' land was zoned D–1. A reading of Section 4.1, Zoning Ordinance, Ada County, 1968, indicates that the intent in rural districts is to have them remain for farm and agriculturally related uses. Section 4.3, Zoning Ordinance, Ada County, 1968, authorizes as principal permitted uses only single family dwelling units. Section 2.054, Zoning Ordinance, Ada County, 1968, specifically defines dwelling units not to include a "tent, trailer or mobile home or room in a hotel or motel." Residences and residential structures are prohibited uses under Section 4.61, Zoning Ordinance, Ada County, 1968, except as specifically permitted. Since D–1 areas are zoned primarily for agricultural and farm related purposes, the district court was correct in its determination that appellants' mobile homes could not be maintained.

Notwithstanding the above, appellants argue that the Board of County Commissioners for Ada County can settle or compromise legal disputes. As such, they assert the county should now be estopped from denying the compromise reached in 1970. While commissioners can negotiate certain monetary settlements, contract disputes, and direct the prosecutor in filing certain civil actions, the commissioners do not have the authority to enter into an agreement which would constitute a change in the zoning, or allow a use within a zone that would constitute a prohibited use. As before stated, appellants located three trailer homes on their property for rental purposes. The agreement allowing the continuance of such use in effect constituted an amendment changing the area from a D–1 to a R–2 MH zone. Such change can only be accomplished pursuant to proper procedure outlined in Chapter 25 of the Zoning Ordinance. Section 25.62, Zoning Ordinance, Ada County, 1968, states that persons desiring to effect an addition, amendment or reclassification of a zone must submit application with supporting materials and required fees. Public hearing shall be held, Section 25.7, Zoning Ordinance, Ada County, 1968, and action shall be taken

"contingent upon the acceptance and observance of specified conditions and standards * * * necessary to insure full protection to the rights of all affected property and to the purpose of the Comprehensive Plan and the general welfare." Section 25.8, Zoning Ordinance, Ada County, 1968.

Clearly the above enumerated rights were not protected by the oral agreement reached with the County Commissioners in 1970. As such, the agreement is invalid and without effect. This Court therefore need not reach the issue of estoppel raised by the appellants.

Judgment affirmed. Costs to respondent.

McQUADE, C. J., and DONALDSON and SHEPARD, JJ., concur.

BAKES, Justice (concurring specially):

I concur in the result reached in this case in view of the finding by the trial court and concurred in by the majority

that after having made his agreement with the zoning authority, the appellant then moved an additional mobile home onto the property, thus breaching what was his own agreement with the zoning authority. While appellant denies that there were more mobile homes on the property than agreed upon, and while there is some question in the record whether in fact he did, there is evidence to support this conclusion of the trial court and the majority. Therefore, he should hardly be able to demand that the zoning authority abide by an agreement which he himself had breached.

However, for the record, I think it is important to point out to zoning officials that zoning ordinances cannot be selectively applied unless it is pursuant to a variance set out in the ordinance and based upon ascertainable standards fixed by the ordinance. The indiscriminate application of zoning ordinances among citizens surely violates the equal protection of the laws guaranteed by the Fourteenth Amendment of the United States Constitution. Where zoning authorities choose to ignore provisions of a zoning ordinance except in selected cases where differences arise between landowners and the zoning authorities, such a zoning ordinance, selectively applied, would be unenforceable as a violation of the Fourteenth Amendment of the United States Constitution.