960 P.2d 181

**Mary J. BUTTERS, Petitioner–Appellant,**

v.

**Robert G. HAUSER, Hauser & Associates, Thomas L. Spangler, Harry Dewitt and Loreca J. Stauber and Board of Latah County Commissioners, Respondents.**

No. 23628.

Supreme Court of Idaho,
Moscow, April 1998 Term.

June 18, 1998.

court in *Butters v. Hauser*, 125 Idaho 79, 867 P.2d 953 (1993).

During the period while Hauser's conditional use permit was being appealed, the Board published a fifteen-day notice and set a hearing for December 21, 1992, to discuss a proposed amendment to the ordinance dealing with conditional use permits. On January 7, 1993, the Board adopted Ordinance No. 115, which repealed the existing zoning ordinance relating to conditional use permits. Hauser then filed for a new conditional use permit for the radio transmission tower. The Latah Planning and Zoning Commission granted the permit, known as conditional use permit No. 495, and the Board affirmed. Butters appealed to the district court, seeking a reversal of the Board's decision to approve the issuance of conditional use permit No. 495. This appeal was docketed as Latah County Case No. CV94–00374, and has been stayed pursuant to a written stipulation filed by the parties until such time as the instant action is decided.

Thereafter, Butters filed this declaratory judgment action, asserting that the amended ordinance was void, thus rendering Hauser's conditional use permit No. 495 also void. Additionally, Butters petitioned for a writ of mandamus to abate the issuance of Hauser's conditional use permit on the ground that the permit was predicated on a void ordinance.

The Board filed a motion for summary judgment, arguing that Butters did not have standing to challenge the ordinance amendment and that a writ of mandamus was not available to Butters. Hauser joined the Board's motion. Following oral argument, the district court granted summary judgment to Hauser and the Board. The court concluded that Butters lacked standing to challenge the amended ordinance because the amended ordinance did not affect Butters any differently than the general public. Moreover, the court held that Butters' mandamus action was premature because the Board's decision to affirm the issuance of conditional use permit No. 495 was presently under appeal, thus, alternative remedies were available to Butters.

On December 22, 1994, Butters filed a motion for reconsideration pursuant to

John W. Bradbury, Lewiston, argued for appellant.

Wetzel & Fasnacht, Coeur d'Alene, for respondent Hauser & Hauser and Associates. Steven C. Wetzel argued.

Douglas W. Whitney, Moscow, argued for remaining respondents.

WALTERS, Justice.

## NATURE OF THE CASE

Mary J. Butters filed an action for declaratory judgment to declare a Latah County zoning ordinance void. Butters also sought a writ of mandamus to abate the issuance of a conditional use permit because it was allegedly predicated on a void ordinance. After Robert Hauser and the Board of Latah County Commissioners (Board) filed motions for summary judgment, the district court held that Butters did not have standing to challenge the validity of the ordinance, and thus granted summary judgment to Hauser and the Board. We vacate the district court's decision that Butters lacked standing to challenge the ordinance amendment but affirm the district court's denial of Butters' petition for a writ of mandamus.

## I. FACTS AND PROCEDURAL BACKGROUND

In 1990 Robert Hauser applied for a conditional use permit to erect a radio transmission tower on a ridge top southeast of Moscow, Idaho, in Latah County. The Latah Planning and Zoning Commission granted the application and issued a conditional use permit No. 385. Butters and several property owners appealed that decision to the Board. The Board affirmed the grant of the permit, and Hauser built the tower and began broadcasting. In the meantime, the property owners appealed to the district court. The district court reversed the Board, and the Board appealed to this Court, which subsequently affirmed the district

I.R.C.P. 11(a)(2)(B). The district court denied Butters' motion and subsequently certified the decision pursuant to I.R.C.P. 54(b). This appeal followed.

## II. ISSUES ON APPEAL

On appeal, Butters asserts (1) that the district court erred in granting Hauser's and the Board's motions for summary judgment by holding that Butters had no standing to challenge the validity of the ordinance; and (2) that the district court erred in granting summary judgment as to her petition for writ of mandamus.

## III. DISCUSSION

### A. Standard of Review.

Summary judgment must be granted when "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c); *Friel v. Boise City Housing Authority,* 126 Idaho 484, 485, 887 P.2d 29, 30 (1994). Normally, both this Court and the district court will liberally construe the record in favor of the party opposing the motion for summary judgment, drawing all reasonable inferences in favor of that party. *City of Chubbuck v. City of Pocatello,* 127 Idaho 198, 200, 899 P.2d 411, 413 (1995). However,

> [w]here, as in this case, both parties file motions for summary judgment relying on the same facts, issues, and theories, the parties essentially stipulate that there is no genuine issue of material fact which would preclude the district court form entering summary judgment. As the trier of fact, the district court is free to arrive at the most probable inferences based upon the evidence before it and grant summary judgment, despite the possibility of conflicting inferences. As the trier of fact, the district court is responsible for resolving the possible conflict between the inferences.

*Brown v. Perkins,* 129 Idaho 189, 191–92, 923 P.2d 434, 436–37 (1996) (citations omitted). On appeal, the standard of review is simply whether the record is sufficient to support the district court's findings. *Cameron v. Neal,* 130 Idaho 898, 900, 950 P.2d 1237, 1239 (1997) (citing *Riverside Dev. Co. v. Ritchie,* 103 Idaho 515, 520, 650 P.2d 657, 662 (1982)).

### B. Butters has Standing to Challenge the Validity of the Ordinance Amendment.

■ Butters asserts that the district court erred in denying her relief in this declaratory judgment action because she did not have standing to bring the action. Butters contends that she has standing because she has a personal stake in the outcome of the controversy, and she has suffered an injury which is traceable to the challenged ordinance amendment. The district court held that Butters lacked standing because she failed to show that the alleged injury was peculiar to her. Relying on *Student Loan Fund of Idaho, Inc. v. Payette County,* 125 Idaho 824, 875 P.2d 236 (Ct.App.1994), the district court held that standing cannot be conferred upon Butters because her injuries resulting from the ordinance amendment, "while arguably palpable, are not unique to her." We disagree and hold that Butters does have standing to challenge the validity of the ordinance amendment.

■ The doctrine of standing focuses on the party seeking relief and not on the issues the party wishes to have adjudicated. *Miles v. Idaho Power Co.,* 116 Idaho 635, 778 P.2d 757 (1989). Although the doctrine is imprecise and difficult in its application, in *Miles* this Court adopted a criterion which explained:

> [t]he essence of the standing inquiry is whether the party seeking to invoke the court's jurisdiction has "alleged such a personal stake in the outcome of the controversy as to assure the concrete adversariness which sharpens the presentation upon which the court so depends for illumination of difficult constitutional questions." As refined by subsequent reformation, this requirement of "personal stake" has come to be understood to require not only a "distinct palpable injury" to the plaintiff, but also a "fairly traceable" causal connection between the claimed injury and the challenged conduct.

*Miles,* 116 Idaho at 641, 778 P.2d at 763 (quoting *Duke Power Co. v. Carolina Envtl. Study Group, Inc.,* 438 U.S. 59, 72, 98 S.Ct. 2620, 57 L.Ed.2d 595 (1978)) (citations omitted).

Furthermore, "under certain circumstances, a declaratory judgment action is the appropriate mechanism for judicial determination of the validity of zoning ordinance amendments." *Student Loan Fund,* 125 Idaho at 827, 875 P.2d at 239. However, the court held that to challenge the validity of zoning ordinance amendments:

> [a grievance relating to s]tatus as an owner of land within a designated area does not relieve a complainant of the necessity of demonstrating a "distinct palpable injury" traceable to the challenged governmental conduct. It is the quality or magnitude of the injury suffered which must differentiate a plaintiff from the citizenry at large in order to confer standing. The situs of owned property in relationship to an area touched by an ordinance is relevant to a standing inquiry only insofar as the property's location exposes the landowner to peculiarized harm.

*Id.,* at 828, 875 P.2d at 240.

Here, Butters argues that she owns land in close proximity to the tower; the tower looms over her land; and its physical invasiveness affects her enjoyment of her property. Although the location of her property alone does not confer standing, the location does expose her to peculiarized harm. In particular, Butters contends that she had to spend $1,500 for a new telephone system to eliminate the tower's radio signal from her telephone and that the tower's radio signal still broadcasts through her daughter's compact disc system.

Nevertheless, both Hauser and the Board argue that while Butters may have a personal stake in the issuance of the conditional use permit, she does not have a personal stake in the ordinance amendment. Hauser and the Board contend that Butters' argument—that the tower caused problems with her phones and compact disc player—relates to the issuance of the permit but does not show that she was injured as a result of the ordinance amendment. However, we see no such dis-

tinction and conclude that Butters' peculiarized harm is fairly traceable to both the ordinance amendment and to the issuance of the conditional use permit. Butters has shown a peculiarized harm as a result of the conditional use permit which was issued pursuant to the new appeal procedure prescribed by the ordinance amendment in question. Thus, we conclude that Butters does have standing to pursue a declaratory judgment action regarding the validity of the ordinance amendment.

## C. The District Court Properly Denied Butters' Petition for Writ of Mandamus.

Butters argues that if this Court agrees that she has standing to challenge the ordinance amendment, then a writ of mandamus should be issued requiring the Board to abate a nonconforming use. The district court held, and we agree, that Butters' request for a writ of mandamus is premature because Butters has alternative remedies available to her.

The existence of an adequate remedy in the course of legal procedure, either legal or equitable in nature, will prevent the issuance of a writ of mandamus. *Edwards v. Industrial Com'n of State,* 130 Idaho 457, 459–60, 943 P.2d 47, 49–50 (1997). The burden of proving the absence of an adequate or speedy remedy in the ordinary course of law rests upon the party seeking the writ of mandamus. *Id.* at 60, 943 P.2d at 50.

Here, the Board's decision to affirm the issuance of conditional use permit No. 495 is presently under appeal in Latah County Case No. CV94–00374. Alternative remedies at law are not only available to Butters, but are presently being pursued by her. Thus, Butters' action for a writ of mandamus is premature and cannot lie.

## IV. CONCLUSION

For the above stated reasons, we vacate the district court's decision on the basis that Butters does have standing to challenge the validity of the ordinance amendment. Additionally, we affirm the district court's deci-

sion that Butters' petition for a writ of mandamus is premature.

Costs on appeal are awarded to the appellant; no fees are awarded.

TROUT, C.J., and JOHNSON, SILAK and SCHROEDER, JJ., concur.