87 P.3d 297

**Teresa D. and David M. PLUMMER, dba T and M Sanitation, Plaintiffs–Appellants,**

v.

**CITY OF FRUITLAND, Fruitland City Council, Thomas E. Limbaugh, Rick S. Watkins, and Bert L. Osborn, Defendants–Respondents,**

**City of Fruitland, Counterclaimant–Respondent,**

v.

**Teresa D. and David M. Plummer, dba T and M Sanitation, Counter defendants-Appellants.**

**No. 27999.**

Supreme Court of Idaho, Boise, November 2003 Term.

Feb. 27, 2004.

---

Ringert, Clark, Chtd., Boise, for appellants. James G. Reid argued.

Moore, Baskin & Parker, Boise, for respondent. Paige A. Parker argued.

Mason & Friedlander, Coeur d'Alene, for Amicus Idaho Association of Cities. Jerry D. Mason argued.

Stoel Rives LLP, Boise, for Amicus Idaho Sanitary Services. Kevin J. Beaton argued.

TROUT, Chief Justice.

On rehearing, Appellants Teresa and David Plummer (Plummers) appeal the district court's decision finding that City of Fruitland Ordinance No. 388 (Ordinance), which enabled Respondent City of Fruitland (City) to grant an exclusive solid waste collection franchise to the Plummers' competition and which made solid waste disposal by any other entity a misdemeanor, was a valid municipal ordinance. This Court's first decision, —— Idaho ——, 89 P.3d 841, found this

Ordinance was not valid, determining that the power to grant exclusive solid waste collection franchises was not adequately derived from a statute and therefore the Ordinance was an improper exercise of municipal power.

This Court subsequently granted the City's Petition for Rehearing on the sole issue of whether Idaho cities have the power under the Idaho Constitution to grant such exclusive solid waste collection franchises.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

In early 2000 the Plummers moved to Fruitland and established a garbage hauling business after investigating the possibility of such a business and receiving clearance from the City's administrator to do so. In March 2000 Darrell Hardin, the owner and operator of the only other garbage hauling operation in the City, asked the Fruitland City Council for an exclusive franchise agreement for hauling garbage. While the City considered draft ordinances that would have granted non-exclusive franchises to both the Plummers and Hardin, the City, without explanation, granted an exclusive ten-year franchise to Hardin. This Ordinance, No. 388, which prevented any other business from collecting garbage, was finally adopted in August 2000, and in September 2000 one of the Plummers' employees was arrested and cited for collecting garbage in violation of the Ordinance. The Plummers subsequently brought suit asking the district court to prevent the enforcement of the Ordinance and to declare it invalid. The Plummers also brought a tort claim against the City for intentionally interfering with their prospective economic advantage and challenged the Ordinance on the ground that it was void for vagueness. The City subsequently repealed the Ordinance.

The district court ruled in favor of the City on all counts, finding that the Ordinance was a valid exercise of the City's municipal power and that the City did not intentionally interfere with the Plummers' business. On appeal, this Court reversed the finding of the district court in part. We held that the Ordinance was invalid, in that Idaho munici-

palities do not have the power to grant exclusive solid waste disposal franchises where this power is not derived from any statute granting such authority. The City had argued that Section 50–344 of the Idaho Code was an implicit grant of power to cities to grant exclusive waste collection franchises. This Court, however, declined to find such a grant in the statute and found the Ordinance invalid.

We upheld the district court on the dismissal of the tort claim, however, citing the Plummers' failure to cite any authority or argument for their contention. This Court also found the Plummers' arguments that the Ordinance was void for vagueness to be moot due to its prior repeal.

We subsequently granted the City's Petition for Rehearing on the sole issue of the implications of Article XII, Section 2 of the Idaho Constitution on a city's powers to grant an exclusive solid waste collection franchise.

## II.

### STANDARD OF REVIEW

On rehearing, the City and several Amici have argued that the power to regulate the collection of solid waste is an exercise of police power as found in Article XII, Section 2 of the Idaho Constitution. This section reads: "Any county or incorporated city or town may make and enforce, within its limits, all such local police, sanitary and other regulations as are not in conflict with its charter or with the general laws." This question, not brought before this Court during our initial hearing of the *Plummer* case, presents a standard of review that differs from our first opinion.

"This Court exercises free review over constitutional questions." *Quinlan v. Idaho Com'n for Pardons and Parole,* 138 Idaho 726, 729, 69 P.3d 146, 149 (2003). When considering the constitutionality of a city ordinance, this Court's review is *de novo. Sanchez v. City of Caldwell,* 135 Idaho 465, 467, 20 P.3d 1, 3 (2001).

In the first opinion, we were called upon to decide if the power of a city to grant an

exclusive solid waste collection franchise was a proper grant of derivative power from an Idaho statute, namely I.C. § 50–344. The burden of proof in demonstrating that the power was statutorily derived fell upon the party enacting the ordinance, which was the City of Fruitland. In our opinion, we held that I.C. § 50–344 did not provide the power to grant such exclusive franchises, and accordingly we held the Ordinance invalid.

 When we review cases involving the municipal exercise of constitutionally granted police power, however, the burden falls upon the party challenging the exercise of this power to show that such an exercise is either in conflict with the general laws of the state or that it is unreasonable or arbitrary.

The Constitution of the State of Idaho grants to cities the right to make and enforce, within their limits, all local police regulations that are not in conflict with their charters or with the general laws.... This general grant of police power, however, is limited by the restriction that ordinances enacted under the authority conferred by this constitutional provision must not be unreasonable or arbitrary.

*Sanchez,* 135 Idaho at 468, 20 P.3d at 4. If we find that granting exclusive franchises for solid waste collection is an exercise of police power by the City, then it is incumbent upon the Plummers to show that granting such exclusive franchises would be inconsistent with the general laws of the state. Because the Ordinance in question has been repealed, we need not determine if it was unreasonable or arbitrary.

### III.

### REGULATION OF SOLID WASTE COLLECTION AS A POLICE POWER

 This Court has repeatedly held that where an action of a municipality or government entity serves a public purpose then the function is proprietary, and where the purpose is governmental, then the function is also governmental. *Kelso v. Lance,* 134 Idaho 373, 375, 3 P.3d 51, 52 (2000). In *Coeur d'Alene Garbage Serv. v. City of Coeur d'Al-*

*ene,* 114 Idaho 588, 591, 759 P.2d 879, 882 (1988) we found that:

[A] [c]ity has an interest in insuring that the garbage collection service that is provided to its residents is uniform and accomplishes the purpose of maintaining the health of those who reside in and frequent the City. The police power of [a][c]ity to accomplish these objectives is broad, but not unlimited.

This Court's opinion in the first *Plummer* decision further bears this out: " 'Proprietary function' refers to the actual act of hauling garbage. Passing laws regulating solid waste collection is a government function." *Plummer v. City of Fruitland,* 2003 WL 2004522 at n. 2. Where a municipality's action is properly classified as the governmental function of regulation, such regulation falls under that municipality's police power. Therefore, an ordinance passed by a municipality seeking to regulate the collection of solid waste within its city limits is an exercise of police power by that municipality.

The majority of jurisdictions in the United States considering the issue have held that a municipality's ability to regulate the collection of waste and garbage is a police power function. "Authority over refuse has been treated as part of the police power that covers the plenum of authority to legislate for the general welfare of society." *Pleasant Hill Bayshore Disposal, Inc. v. Chip–It Recycling, Inc.,* 91 Cal.App.4th 678, 110 Cal. Rptr.2d 708, 716 (2001). The United States Supreme Court also held in *California Reduction Co. v. Sanitary Reduction Works of San Francisco,* 199 U.S. 306, 26 S.Ct. 100, 50 L.Ed. 204 (1905), that regulation of garbage disposal services is a proper police power function of a municipality. In *California Reduction Co.,* the California Constitution contained wording regarding police powers and sanitation regulation almost identical to Idaho's Art. XII, § 2.

Accordingly, we hold that in regulating the collection of solid waste within its city limits, a municipality is exercising its police power function, and the burden then shifts to the Plummers to show that the City's exercise of this police power was not in conflict with the general laws of the state.

## IV.

## ABSENCE OF A CONFLICT WITH THE GENERAL LAWS

■ The Plummers argue that the City's exclusive solid waste disposal franchise ordinance is in conflict with Sections 48–104 and 48–105 of the Idaho Code. Section 48–104 states: "A contract, combination, or conspiracy between two (2) or more persons in unreasonable restraint of Idaho commerce is unlawful." Section 48–105 provides: "It is unlawful to monopolize, attempt to monopolize, or combine or conspire to monopolize any line of Idaho commerce." The Plummers assert that such exclusive franchises would act as an unreasonable restraint on commerce and are prohibited monopolies. Idaho law, however, precludes these arguments. I.C. § 48–107(c) exempts a municipality and its officers from any section of the Idaho Competition Act when they are "acting in an official capacity, to the extent that those activities are authorized or directed by state law." As the City has argued, this exemption is an express codification of *Denman v. City of Idaho Falls*, 51 Idaho 118, 4 P.2d 361 (1931), in which this Court found that antitrust laws are inapplicable to valid exercises of a municipality's power. Where the City was properly exercising its police power in regulating the collection of solid waste, it is accordingly afforded the statutory exemption from the Idaho Competition Act because such an exercise of police power is authorized by the state constitution.

■ In light of our first decision in this case, it is also necessary to determine whether I.C. § 50–344 provides a conflict with the grant of exclusive solid waste collection franchises. In our first decision we found that this statute did not of itself provide a municipality the derivative power to grant such franchises. Our task here is not to find derivative power from the statute, where that power comes from the Constitution itself, but rather to determine if this statute would conflict with the exercise of police power in granting such exclusive franchises and therefore make such an exercise of police power invalid. We find that I.C. § 50–344 does not conflict with granting such exclusive franchises.

Section 50–344 provides general powers to a city "to maintain and operate solid waste collection systems." These powers, though not specifically authorizing exclusive franchises to collect garbage, do not prohibit exclusive franchises either. There is nothing in the text of the statute which conflicts with such an exercise of police power. Accordingly, any exercise of a city's police power to grant exclusive franchises here would not be in conflict with this statute.

We therefore find that the exercise of a municipality's constitutional police power in granting exclusive solid waste collection franchises is not in conflict with the general laws of the state of Idaho, and accordingly such an exercise is valid.

## V.

## CONCLUSION

We hold that a city's regulation of sanitation by the granting of exclusive solid waste collection franchises is a constitutionally-derived exercise of police power, and that such an exercise of police power is not in conflict with the general laws of the state and is accordingly valid.

The decision of the district court is affirmed. We award costs on rehearing to the City.

Justices KIDWELL, EISMANN, and BURDICK concur.

Justice SCHROEDER concurs in the result.