# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 37562

LINDA CISZEK, individually; RONALD G. WILSON and LINDA A. WILSON, husband and wife; BILL DOLE and MARIAN DOLE, husband and wife; MIKE ANDERSON and RAYELLE ANDERSON, husband and wife; JOE CULBRETH and SHARON CULBRETH, husband and wife; KIRK HOBSON and KIMBERLY HOBSON, husband and wife; SETH MOULDING and JENNIFER MOULDING, husband and wife; CASEY NEAL and KRISTIN NEAL, husband and wife; and WILLIAM GIRTON and DOLLY GIRTON, husband and wife,

    Plaintiffs-Appellants,

v.

KOOTENAI COUNTY BOARD OF COMMISSIONERS and COEUR D'ALENE PAVING, INC.,

    Defendants-Respondents,

and

BEACON WEST, LLC,

    Intervener-Respondent.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Boise, April 2011 Term

2011 Opinion No. 60

Filed: May 26, 2011

Stephen W. Kenyon, Clerk

Appeal from the District Court of the First Judicial District of the State of Idaho, Kootenai County. Honorable Charles W. Hosack; Honorable Benjamin Simpson, District Judges.

The summary judgment order in favor of Respondents is <u>affirmed</u>.

Wetzel, Wetzel & Holt, PLLC, Coeur d'Alene, for appellants. Dana L. Rayborn Wetzel argued.

Chapman Law Office, PLLC, Coeur d'Alene, for respondent Coeur d'Alene Paving, Inc. Michael R. Chapman argued.

1

Kootenai County Prosecuting Attorney, Coeur d'Alene, for respondent Kootenai County. John A. Cafferty argued.

Dunn & Black, P.S., Spokane, Washington, for intervenor-respondent Beacon West, LLC. Michael R. Tucker argued.

———————————

J. JONES, Justice.

This is an appeal from an order of summary judgment granted in favor of Respondents regarding the authority of the Kootenai County Board of County Commissioners to rezone two parcels of property based on a single rezone application. We affirm.

## I.

## Factual and Procedural Background

Coeur d'Alene Paving, Inc. ("CDA Paving") leases several parcels of real property in Kootenai County from Beacon West, LLC ("Beacon"). Approximately thirty acres of this leased property is zoned for mining activity, and is currently used by CDA Paving for rock crushing and open pit mining (the "Open Pit Lots"). CDA Paving has an interest in two undeveloped ten-acre parcels owned by Beacon that are located directly south of the Open Pit Lots. These lots were initially zoned for agricultural activity (the "Agricultural Lots"). The Open Pit Lots and the Agricultural Lots are contiguous parcels. The Open Pit Lots are the northernmost lots and border Highway 53. CDA Paving also has an interest in two additional ten-acre lots owned by Beacon that are located to the southwest of the Agricultural Lots. These lots are undeveloped and were initially zoned for mining activity (the "Mining Lots"). To the north of the Mining Lots and to the west of the Agricultural Lots is a large parcel owned by Interstate Concrete and Asphalt that is also zoned for mining activity. The mining resources of the Interstate Concrete parcels are alleged to have been depleted and the mining activity thereon has ceased. Both the Mining Lots and the Agricultural Lots are identified as Rural Residential land[1] in the County's Comprehensive Plan.

On January 16, 2008, CDA Paving submitted a single rezone application to the Kootenai County Building and Planning Department identified as Case No. ZON08-0001. This application

---

[1] Rural residential land is defined as those areas bordering "Rural areas and may actually be Rural in appearance. Distinguishing these areas from those designated as Rural is the size of existing parcels and the level of police and fire protection that can be provided."

sought to change the zoning of the Agricultural Lots to mining and to change the zoning of the Mining Lots to agriculture. In the application, CDA Paving states that the zone request would be beneficial to the public and in accordance with the comprehensive plan because it would create a contiguous mining zone between the Open Pit Lots and the Agricultural Lots, rather than splitting the mining activity from the existing Open Pit Lots to the nonadjacent Mining Lots. By creating one contiguous parcel, CDA Paving argues that fewer residential neighbors are affected by the concurrent zoning change, and that there will be less traffic and dust disturbance because mining activity on the Agricultural Lots would have direct access to Highway 53 through the Open Pit Lots.

After a hearing before a Kootenai County hearing examiner on March 6, 2008, the hearing examiner recommended that the application be denied. Subsequently, the Kootenai County Board of County Commissioners (the "BOCC") held a public hearing on the matter on May 8, 2008, wherein a majority of the commissioners voted in favor of the application, but required an additional hearing because the decision was substantially different from the recommendation of the hearing examiner. A second public hearing was held on June 26, 2008. The BOCC deliberated over the application on July 10, 2008, and voted 2 to 1 in favor of its approval. The BOCC issued its Order of Decision approving the application on August 7, 2008. That same day, the BOCC approved Ordinance No. 417, amending the zoning map of Kootenai County to (1) reflect the zoning changes of the Agricultural Lots to a mining zone and the Mining Lots to an agricultural zone, and (2) repeal all conflicting zoning map provisions.

The following month, several property owners located in the vicinity of the zone changes, including Linda Ciszek, ("Appellants") filed a declaratory judgment action in district court alleging the zone change was invalid.[2] Ciszek owns two contiguous parcels on Knudsen Road. The west side of Ciszek's property adjoins the east boundary of the Open Pit Lots and the southwest corner of her property touches the northeast corner of the Agricultural Lots.

The parties filed and argued cross-motions for summary judgment. The district court granted summary judgment in favor of Respondents, dismissing the complaint. After determining that the zoning decision in this case was a legislative act, the district court

---

[2] The complaint also sought appellate review of the administrative decision. However, that portion of the case was dismissed due to this Court's decision in *Burns Holdings, LLC v. Madison County Bd. of County Comm'rs*, 147 Idaho 660, 214 P.3d 646 (2009). The district court determined that there was no basis for judicial review of the BOCC's rezone decision and ruled that the case was only reviewable as a declaratory judgment action.

determined the BOCC's approval of two zoning changes pursuant to a single application was not arbitrary and capricious. Specifically, the court ruled that the BOCC had the authority to amend its zoning map and that the decision, by keeping the mining activity in a contiguous zone, negatively impacted fewer landowners than would have been affected had CDA Paving initiated mining activity on the Mining Lots.

On appeal to this Court, Appellants argue that the BOCC does not have the authority to approve a "swap zone" change in a single application and that such a procedure denied them their due process rights. They also argue that the zoning decision was not legislative but, rather, quasi-judicial in nature and not entitled to the deference afforded by the district court. Additionally, they argue that combining the two zoning decisions amounts to an illegal contract to zone and that the zoning "contract" impermissibly limited the legislative authority of the BOCC. Respondents argue that Appellants have failed to identify a particularized injury as a result of this zoning change and that they lack standing to bring this action. Additionally, Respondents assert that the zoning decision was appropriately characterized as a legislative act and that the BOCC was within its authority to consider and approve two zoning changes in a single application. To this end, they argue the decision complied with the statutory requirements for a zoning amendment, as well as the requirements imposed by Kootenai County Zoning Ordinance 9-21-3. Finally, Respondents argue that the decision of the BOCC was not a contract to zone because the county complied with the notice and hearing procedures required by statute and made no agreement to approve the application separate and apart from these proceedings. Both parties ask for attorney fees on appeal pursuant to I.C. § 12-117, and Beacon and the BOCC also request fees under I.C. § 12-121.

## II.

### Issues on Appeal

I.  Whether Appellants have standing to bring this declaratory judgment action?

II.  Whether the BOCC has the authority to rezone two parcels based on a single zoning application?

III.  Whether the consideration and approval of two zoning changes pursuant to a single notice and hearing procedure violated Appellants' due process rights?

4

IV. Whether the zoning approval amounted to an illegal contract to zone and whether the BOCC's decision impermissibly limited its legislative discretion?

V. Whether any of the parties are entitled to attorney fees on appeal?

## III.

## Discussion

### A. Standard of Review

This Court reviews a district court's ruling on a motion for summary judgment pursuant to the same standard as the district court. *Cherry v. Coregis Ins. Co.*, 146 Idaho 882, 884, 204 P.3d 522, 524 (2009). Summary judgment should be granted where the "pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." I.R.C.P. 56(c). "Disputed facts should be construed in favor of the non-moving party, and all reasonable inferences that can be drawn from the record are to be drawn in favor of the non-moving party." *Castorena v. General Elec.*, 149 Idaho 609, 613, 238 P.3d 209, 213 (2010). "The fact that the parties have filed cross-motions for summary judgment does not change the applicable standard of review, and this Court must evaluate each party's motion on its own merits." *Borley v. Smith*, 149 Idaho 171, 176, 233 P.3d 102, 107 (2010) (citing *Intermountain Forest Mgmt., Inc. v. La. Pac. Corp.,* 136 Idaho 233, 235, 31 P.3d 921, 923 (2001)). Additionally, "[i]f the evidence presented shows no disputed issues of material fact, then all that remains are questions of law, over which this Court exercises free review. *State, ex rel. Wasden v. Maybee*, 148 Idaho 520, 527, 224 P.3d 1109, 1116 (2010) (citing *Mendenhall v. Aldous,* 146 Idaho 434, 436, 196 P.3d 352, 354 (2008)).

Neither party suggests that there are any facts in dispute. In fact, the parties stipulated to the material facts in the case prior to submitting their cross-motions for summary judgment. Therefore, the issues presented are purely questions of law.

### B. Appellants Have Standing to Bring this Declaratory Judgment Action.

Respondents argue that Appellants lack standing to bring this declaratory judgment action because any decision by this Court would not resolve the fact that their properties remain adjacent to the mining operations at the Open Pit Lots. The BOCC also contends that Ciszek lacks standing because she has failed to allege a particularized harm. Ciszek argues she has alleged a particularized injury because her property is adjacent to the new mining rezone and that

there will be "detrimental dust, noise and traffic created" by new mining activity taking place adjacent to her property. She also alleges that her property values will decrease by over $10,000 as a result of the rezones. Ciszek's allegations of interference with the use and enjoyment of her property, as well as decreased property values, are sufficient to demonstrate a particularized harm. Further, there appears to be a substantial likelihood that a ruling in her favor would prevent such harm.

Idaho courts are empowered to declare the rights, status and legal relations of persons affected by municipal ordinances. I.C. §§ 10-1201 & 1202.[3] However, a court's power to make such determinations "does not relieve a party from showing that it has standing to bring the action in the first instance." *Schneider v. Howe*, 142 Idaho 767, 772, 133 P.3d 1232, 1237 (2006). "In order to satisfy the requirement of standing, the petitioners must allege or demonstrate an injury in fact and a substantial likelihood that the judicial relief requested will prevent or redress the claimed injury." *Id.* (internal quotation omitted). A plaintiff can also meet this showing when a threatened or past harm is the basis of the injury. *Id.*

Respondents claim that Appellants have failed to demonstrate the type of injury that would give them standing, citing *Student Loan Fund of Idaho, Inc. v. Payette County,* 125 Idaho 824, 875 P.2d 236 (Ct. App. 1994). In that case, the Fund owned real property that was likely to be subjected to a zone change because the City of Fruitland and Payette County agreed to an area of city impact, as well as a new zoning designation, which would affect the zoning of the Fund's property. *Id.* at 825, 875 P.2d at 237. In the subsequent declaratory judgment action regarding the proposed changes, it was determined that the Fund lacked standing because it had not alleged any form of particularized harm and "mere ownership of property within or adjacent to the area addressed by an ordinance" is not a showing of a palpable injury. *Id.* at 828, 875 P.2d at 240. Rather, the Court of Appeals noted that to sufficiently demonstrate an injury, the Fund needed to allege or prove that the new impact area would inconvenience the Fund in some manner, limit its use and enjoyment of the property, or cause economic harm. *Id.* at 827, 875 P.2d at 239.

While this Court has approved the Court of Appeals' *Student Loan Fund* decision on a number of occasions, that case cannot be construed to deny Ciszek standing here. In *Butters v.*

---

[3] Idaho Code section 10-1202 provides that "[a]ny person . . . whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract or franchise and obtain a declaration of rights, statute or other legal relations thereunder." I.C. § 10-1202.

6

*Hauser*, 131 Idaho 498, 960 P.2d 181 (1998), we applied the *Student Loan Fund* principles to a case very similar to the one at hand to find that a particularized harm had been shown by a property owner located adjacent to a newly authorized radio transmission tower. *Id.* at 501, 960 P.2d at 184. The property owner alleged that the tower loomed over her land, that its physical invasiveness affected her enjoyment of her property, and that she had to spend $1,500 for a new telephone system to eliminate the tower's electronic interference. *Id.* Like *Butters*, Ciszek lives on, and owns, property located adjacent to property that has been approved for activities that are substantially different from those which previously existed on the Agricultural Lots. The parties agree that prior to the rezone the Agricultural Lots were undeveloped. Ciszek's affidavit alleges that the rezone will result in a decrease of her property's value, expose her to health risks and interfere with the use and enjoyment of her property. These injuries are particular to Ciszek and are sufficient to meet the standing requirements of a declaratory judgment action.

With regard to the issue of redressability, Respondents argue that, even if this Court determines that the zone changes are invalid, Ciszek and the remaining appellants would still be exposed to mining activity because of the Open Pit Lots. However, the BOCC provides no case law to support the proposition that a person who lives next to a property where mining activity already is taking place has no grounds for complaint where an adjoining property owner seeks to obtain approval for additional mining activity on additional land. Nor does the BOCC show how an increase in mining activity could not create new or heightened injuries that could be remedied in a declaratory judgment action.

This Court recently considered a redressability issue in *Knox v. State ex rel. Otter*, which demonstrates Ciszek's claim is distinguishable from those claims where a favorable judgment could not remedy the harms alleged. 148 Idaho 324, 336-37, 223 P.3d 266, 278-79 (2009). In *Knox*, the plaintiffs alleged that if the Idaho statutes permitting video gaming machines at the Fort Hall Indian Reservation were deemed unconstitutional pursuant to their declaratory judgment action, the machines would be removed from the casino and their video gaming addiction would be redressed. *Id.* at 336, 223 P.3d at 278. The Court disagreed, however, because, even if the statutes permitting the machines were deemed unconstitutional, the Indian tribe could not be subjected to a subsequent suit to remove the machines unless Congress authorized the suit or the tribe waived its immunity. *Id.* at 336-37, 223 P.3d at 278-79. In other words, a favorable judgment for the plaintiffs would not ensure that the addictive gaming

machines would be removed from the casino and could not ensure their alleged harms would be redressed; as such, they lacked standing to bring the declaratory judgment action.

Unlike the plaintiffs in *Knox*, a favorable judgment for Ciszek would alleviate or prevent the harms that she alleges will result from the rezone. In her affidavit, Ciszek alleges the rezone will expose her to dust, noise, chemicals and smells that pose a risk to her health. Additionally, she alleges that these same disturbances result in a loss of enjoyment to her property and decrease the value of her home. Because Ciszek's affidavit identifies that these harms will result from the rezone itself, rather than from the existing mining activities at the Open Pit Lots, a finding that the rezone is invalid would relieve her of these new harms. Therefore, Ciszek has met the redressability component of standing.

Ciszek, having demonstrated a particularized harm resulting from the change of zoning of the Agricultural Lots to mining use and there appearing to be a substantial likelihood that a ruling in her favor would prevent such harm, has standing to bring her case before this Court.[4] We, therefore, turn to the merits of her claim.

### C. The BOCC's Decision to Grant Two Rezones in a Single Application is Not Unlawful.

The Appellants argue the rezone approval in this case is unlawful and the resultant Ordinance No. 417 is void because "swap zoning" is not authorized by statute. They also argue that because the BOCC did not consider the zone changes individually, they were denied due process. Specifically, they argue the combined hearing procedure prevented them from rebutting evidence on each rezone change without there being consideration of the other rezone at issue. Appellants also contend that a swap zoning arrangement is akin to an illegal contract for zoning. Finally, Appellants argue that because a governing board must approve or deny a zoning application in full, it impermissibly limits its legislative authority by permitting two zoning decisions to be combined in a single application. Essentially, these arguments challenge the authority of the BOCC to consider two zoning changes based on a single application but do not attack the factual grounds of its decision.

---

[4] Although the Respondents challenged the standing of all of the Appellants, both sides have focused their arguments upon Ciszek's situation. It appears that, while each of the Appellants is situated somewhat differently depending on where their property is located, all of them are located in the vicinity of the lots in question. Because Ciszek has standing and because the parties have not argued the issue relative to the other Appellants, we need not determine their situation.

The Respondents argue that the BOCC acted within its authority in considering the two zoning changes pursuant to a single application and notice and hearing procedure, and that in doing so, the BOCC appropriately found the rezones to be reasonably necessary and in accordance with the comprehensive plan. The district court classified the rezones as legislative in nature and determined the BOCC's approval of the zoning application, as well as its corresponding ordinance, was not confiscatory, arbitrary, unreasonable or capricious agency action.

Although the district court focused its analysis on whether the rezones were quasi-judicial or legislative, concluding they were the latter, such a determination is not relevant to the Court's ability to decide the purely legal question of whether the BOCC was within its statutory authority to approve two zoning changes based on a single application. A declaratory judgment action is an appropriate proceeding for making such judicial determination. *See Burns Holdings, LLC v. Madison County Bd. of County Comm'rs*, 147 Idaho 660, 664, 214 P.3d 646, 650 (2009) (holding that while a rezone was not then entitled to a direct administrative appeal, it may be the subject of a declaratory judgment action); *Highlands Dev. Corp. v. City of Boise,* 145 Idaho 958, 962, 188 P.3d 900, 904 (2008) (holding that a downzoning decision is subject to judicial relief in an independent action). Compliance with land use laws, particularly the Local Land Use Planning Act ("LLUPA"), is a proper subject of inquiry in a declaratory judgment action, regardless of the characterization of the matter as legislative or quasi-judicial, because a governing body must comply with the statutory requirements set forth in LLUPA in acting upon a zoning application, including LLUPA's procedural due process requirements. *See* I.C. §§ 67-6511 & 67-6509. Therefore, this Court is within its authority to review the validity of the BOCC's actions without delving into the classification issue.

### i. The BOCC Has the Authority to Make Two Zoning Changes Based on a Single Rezone Application.

Appellants argue the simultaneous zoning changes at issue are invalid because the plain language of I.C. § 67-6511 only authorizes a single rezone in each application. Additionally, they argue I.C. § 67-6509, in combination with the singular nature of I.C. § 67-6511, requires an independent evaluation of the potential impact of each zoning change. Consequently, Appellants argue that the zoning change for the Agricultural Lots to mining use could not be supported without the corresponding rezone of the Mining Lots to agricultural use and was contrary to the

9

comprehensive plan. Finally, Appellants argue that the authority of the BOCC must be strictly construed and, without the specific authority to approve more than one zoning change based upon a single application, the BOCC acted without statutory authority. On the other hand, Respondent BOCC argues that I.C. § 67-6511 anticipates the consideration of multiple land use decisions in a single proceeding and that I.C. § 67-6522 encourages governing boards to combine related permits for the convenience of the applicants.

Idaho counties exercise police powers of the State pursuant to a constitutional grant of authority. "Any county or incorporated city or town may make and enforce, within its limits, all such local police, sanitary and other regulations as are not in conflict with its charter or with the general laws." IDAHO CONST. art. XII, § 2. The Legislature has specified certain requirements and limitations for the exercise of the police power in the planning and zoning arena by enactment of LLUPA. The overall purpose of LLUPA is to "promote the health, safety, and general welfare of the people of the state of Idaho . . . ." I.C. § 67-6502. As a means of achieving these goals, the Legislature has set out certain basic requirements for enacting and amending zoning ordinances. I.C. § 67-6511. Obviously, the BOCC was obligated to comply with the requirements of this section in making the zoning changes at issue here. The question is, can I.C. § 67-6511 be read to require that each request for a zoning change be based solely upon a single application?

While I.C. § 67-6511 is silent with regard to a governing board's authority to approve more than one change of zoning based on a single application, it also does not prohibit this practice. In fact, I.C. § 67-6522 provides that governing boards "may combine related permits" where it is practical and convenient for the applicants. I.C. § 67-6522. If a governing board may combine related permits for consideration, it defies logic to assume that it could not also consider requests for more than one land use change in a single application. While a local governing body must comply with the procedural and substantive provisions of LLUPA, its authority in the land use arena is not derived solely from LLUPA. Rather, the cities and counties of this State have traditionally exercised their constitutional police powers to provide for planning and zoning activities in their jurisdictions and, therefore, their ability to act is not confined to only those actions specifically mentioned in LLUPA.

With regard to the police powers conferred on cities and counties by Article XII, § 2 of the Idaho Constitution, we have stated:

The Constitution of the State of Idaho grants to cities the right to make and enforce, within their limits, all local police regulations that are not in conflict with their charters or with the general laws. This general grant of police power, however, is limited by the restriction that ordinances enacted under the authority conferred by this constitutional provision must not be unreasonable or arbitrary.

*Plummer v. City of Fruitland*, 139 Idaho 810, 813, 87 P.3d 297, 300 (2004) [hereinafter *Plummer II*]. In *Plummer II*, the Court determined that the City of Fruitland had the authority, pursuant Article XII, § 2 of the Idaho Constitution, to grant an exclusive solid waste collection franchise although it had previously determined in *Plummer v. City of Fruitland*, 140 Idaho 1, 89 P.3d 841 (2003) [hereinafter *Plummer I*] that the City did not have the express or implied authority to do so pursuant to I.C. § 50-344. *Plummer II*, 139 Idaho at 813, 87 P.3d at 300. In other words, the constitutional grant of authority to exercise general police powers was recognized as a broader grant of authority than those powers specifically articulated in statute. Furthermore, the Court held that the exercise of the constitutional grant of authority was not in conflict with I.C. § 50-344 because the statute did not explicitly prohibit the exclusive franchise. *Id.*, at 814, 87 P.3d at 301. Like *Plummer II*, the approval of multiple zone changes pursuant to a single rezone application, as in this case, is within the county's constitutionally granted general police powers and is not in conflict with LLUPA because LLUPA contains no prohibition of such practice.

Furthermore, the Legislature has stated an intent that decision-making under LLUPA "should be founded upon sound reason and practical application of recognized principles of law . . . with an emphasis on fundamental fairness and the essentials of reasoned decision-making." I.C. § 67-6535(3). Utilizing these concepts of practicality, common sense, and fundamental fairness, the BOCC was within its authority to approve the two rezones pursuant to a single application. This Court has previously stated that LLUPA was intended to give broad powers to local governing boards in planning decisions. *White v. Bannock County Comm'rs*, 139 Idaho 396, 400, 80 P.3d 332, 336 (2003). Indeed, the Legislature has specifically provided mechanisms whereby governing boards can grant multiple approvals for land use activities in a single proceeding. These include development agreements pursuant to I.C. § 67-6511A and planned unit developments pursuant to I.C. § 67-6515. So long as the actions of local governing boards are not unreasonable, i.e. arbitrary, capricious, or discriminatory, and bear "a substantial relationship to the public health, safety, morals, and general welfare," local governing boards act within their constitutional authority. *Dry Creek Partners v. Ada County Comm'rs*, 148 Idaho 11,

11

19, 217 P.3d 1282, 1290 (2009). Thus, even though I.C. § 67-6511 does not specifically state that more than one zoning change can be considered in a single application, neither LLUPA nor the Idaho Constitution prevents the practice.

One of Appellants' principal contentions is that the BOCC erred by considering the two changes in combination, which permitted the consideration of the benefits of changing the Mining Lots to agricultural use as mitigating factors in changing the Agricultural Lots to mining use. That is, Appellants contend the BOCC could not consider the benefits of one change as ameliorating factors for the other. Again, however, there is no constitutional or statutory provision that would prevent a governing board from doing so.

Appellants also argue that Ordinance No. 417 is invalid because the rezones approved therein are not in accordance with the comprehensive plan. This argument is of no avail to the Appellants because this Court has repeatedly stated that an ordinance need not strictly comply with a comprehensive plan in order to be valid. *Taylor v. Canyon County Bd. of Comm'rs*, 147 Idaho 424, 438, 210 P.3d 532, 546 (2009). The BOCC considered each requested zoning change individually for compliance with the comprehensive plan and set out factual findings to the effect that each change was consistent with the plan. Appellants have not challenged the factual basis of those findings.

In sum, a local zoning authority could certainly find it more convenient for the applicant, and more practical for all parties involved, to consider two rezones pursuant to a single application and procedure. By doing so, the actions of the local zoning authority are in accord with the general intent of the Legislature expressed in I.C. § 67-6535 and, so long as the local zoning authority complies with all other requirements of law in considering and acting upon the application, it may approve more than one zone change based upon a single application.

### ii. Appellants' Due Process Rights Were Not Violated in the Approval of the Rezones.

Appellants argue they were denied due process because they were unable to present evidence regarding the propriety of each rezone, individually, since the public hearings considered both rezones at the same time. Respondents argue that Appellants are not entitled to due process review because the rezones are legislative acts. Additionally, they argue that even if the actions are quasi-judicial, there is no showing in this case that Appellants were denied the due process guarantees afforded in zoning proceedings. The district court did not rule on

12

Appellants' due process arguments, likely because it characterized the BOCC's actions as legislative. However, Appellants raised the issue before the district court, and the issue is reviewable because it is a question of law.

"It is a well settled principle that notice and hearing requirements in zoning enabling acts are conditions precedent to the proper exercise of the zoning authority." *Citizens For Better Gov't v. Valley County*, 95 Idaho 320, 322, 508 P.2d 550, 552 (1973). "Due process issues are generally questions of law, and this Court exercises free review over questions of law." *Spencer v. Kootenai County*, 145 Idaho 448, 454, 180 P.3d 487, 493 (2008).

> In planning and zoning decisions, due process requires: (a) notice of the proceedings, (b) a transcribable verbatim record of the proceedings, (c) specific, written findings of fact, and (d) an opportunity to present and rebut evidence. Due process is not a concept to be applied rigidly in every matter. Rather, it is a flexible concept calling for such procedural protections as are warranted by the particular situation.

*Cowan v. Bd. of Comm'rs of Fremont County*, 143 Idaho 501, 510, 148 P.3d 1247, 1256 (2006) (internal citations omitted). Indeed, a zoning authority need only demonstrate substantial compliance with its applicable zoning ordinance, in combination with a finding of no prejudice, in order to demonstrate the public's due process rights have not been violated. *Friends of Farm to Market v. Valley County*, 137 Idaho 192, 198-99, 46 P.3d 9, 15-16 (2002) (finding no due process violation when a conditional use permit should have been identified as a concept approval, rather than a conditional use permit, because the public had notice of the hearing and was able to make comments therein). "In our review of the proceedings, we are to consider the proceedings as a whole and to evaluate the adequacy of procedures and resultant decision in light of practical considerations with an emphasis on fundamental fairness and the essentials of reasoned decision-making." *Evans v. Bd. of Comm'rs of Cassia County Idaho*, 137 Idaho 428, 433, 50 P.3d 443, 448 (2002) (internal quotation omitted).

Appellants in this case do not allege improper notice, failure to maintain a transcribable record, or failure to make written findings of fact, in violation of their due process rights. Rather, they focus entirely on the inability to rebut evidence because the proceedings in this case considered both rezones at the same time. However, Appellants concede that they had ample opportunity to submit evidence of their injuries at the public hearings and have provided no basis for finding a denial of due process.

Appellants cite *Gay v. County Comm'rs of Bonneville County* to support the due process right to rebut evidence, but that case makes clear that where a citizen is able to attend a public hearing that has been properly noticed, and a transcribable record of the proceeding is maintained, there is no denial of due process. 103 Idaho 626, 631, 651 P.2d 560, 565 (Ct. App. 1982). "Because no transcribable record was kept and because, without such a record, a reviewing court in this case could not determine that the interested parties received notice of all meetings at which information concerning the zoning request was received, or that an opportunity to rebut such information was afforded, we conclude that the county's decision must be set aside." *Id.* In this case, however, there is no allegation that Appellants did not receive notice of the hearings or that they were unable to attend and speak at the hearings like the petitioner in *Gay*. Indeed, Ciszek admits in her reply brief that she and the other appellants admitted extensive evidence during the public hearings demonstrating the "damage to property and the health and safety of every person living close to the properties that were rezoned." This admission demonstrates the Appellants were not denied the opportunity to present evidence, even evidence that concerned only a single rezone consideration.

Appellants also cite *Cooper v. Bd. of County Comm'rs of Ada County* to support their rebuttal argument; however, in *Cooper*, the appellants were unable to rebut evidence regarding crowding in the school district because the ordinance and comprehensive plan did not identify that school districts were a criteria in property zoning decisions. 101 Idaho 407, 409, 614 P.2d 947, 949 (1980). There is no similar allegation in this case that the Appellants did not have notice prior to the public hearings that the BOCC would be considering both rezone requests in the same proceedings. Therefore, Appellants had the opportunity to adequately prepare their evidence in opposition to the decision at issue and were not denied due process as a result of the combined procedure of the two rezones.

It appears that the BOCC was quite aware of due process requirements in conducting the hearings. Because of the hearing examiner's contrary recommendation, the BOCC conducted an additional hearing and, in its decision, addressed the reasons for declining to accept the hearing examiner's recommendation. In its decision it separately considered each of the zoning requests for compliance with both the county zoning ordinances and the comprehensive plan. Appellants were given adequate opportunity to express their views. There simply is no ground to claim that Appellants' due process rights were violated by the procedure employed.

14

### iii. The Zoning Decision is Not an Illegal Contract to Zone.

Appellants argue the decision to rezone the parcels in question amounts to an illegal contract to zone. Specifically, they allege that by combining the rezone requests, the BOCC pre-agreed to change the zoning of the two parcels. Respondent CDA Paving argues there is no evidence of any agreement to rezone the parcels in a particular manner and that the BOCC's decision was not made until after the appropriate notice and hearing procedures were conducted.

> A local government is generally prohibited from contracting away the exercise of the zoning power or obligating itself by an advance contract to provide a particular zoning. A contract made by the zoning authorities to zone or rezone for the benefit of a private landowner is generally illegal and is denounced as "contract zoning" and as an ultra vires bargaining away of police power.

83 AM. JUR. 2d *Zoning and Planning* § 41 (2010). Idaho courts have similarly prohibited agreements to zone where the procedures outlined by LLUPA have not been followed.

> [C]ommissioners do not have the authority to enter into an agreement which would constitute a change in the zoning, or allow a use within a zone that would constitute a prohibited use. As before stated, appellants located three trailer homes on their property for rental purposes. The agreement allowing the continuance of such use in effect constituted an amendment changing the area from a D-1 to a R-2 MH zone. Such change can only be accomplished pursuant to proper procedure outlined in Chapter 25 of the Zoning Ordinance.

*Ada County v. Walter*, 96 Idaho 630, 632, 533 P.2d 1199, 1201 (1975). Unlike the evidence in *Ada County*, which demonstrated a clear agreement to zone the parcels at issue without providing notice or conducting a hearing, there is no evidence of an agreement in this case, either oral or written, that suggests the BOCC agreed to zone the parcels in a particular manner prior to conducting the appropriate procedural processes required by the statute.

Appellants only cite to a decision issued by the New Mexico Supreme Court which denounces contract zoning because it omits the notice and hearing procedures mandated by statute. *Dacy v. Village of Ruidoso*, 845 P.2d 793, 797 (N.M. 1992). That decision states: "By making a promise to zone *before* a zoning hearing occurs, a municipality denigrates the statutory process because it purports to commit itself to certain action before listening to the public's comments on that action." *Id.* (emphasis added). Again, there is no evidence of any agreement in this case, and no allegation that the BOCC neglected to meet the notice and hearing requirements mandated by statute. In fact, the evidence suggests that the BOCC's decision was only made as a

result of the extensive testimony and evidence presented at the three public hearings conducted on this matter.

### iv.  The BOCC Did Not Deprive Itself of Its Legislative Authority.

Appellants argue that if the Court determines the rezones at issue amount to a contract to zone, then "[t]he BOCC was deprived of legislative powers . . . ." The argument seems to be that because the application was submitted on the basis that it had to be approved or denied in full, the BOCC impermissively limited the range of options available to it under the law. As noted above, there is no evidence that the BOCC made an agreement to approve the application, nor that it limited its options in considering the application. The BOCC could have approved the application in full, denied it in full, or approved part or all of it with conditions. The decision indicates that the application was approved with some conditions. Appellants' argument is simply without merit.

### D.  None of the Parties Are Entitled to Attorney Fees on Appeal.

Both Appellants and Respondents request attorney fees on appeal pursuant to I.C. § 12-117. Because Appellants are not the prevailing party, they are not entitled to attorney fees on appeal. Although Respondents have prevailed on appeal, attorney fees are only appropriate if this Court determines that "the other party acted without a reasonable basis in fact or law." *Burns Holdings*, 147 Idaho at 664, 214 P.3d at 650. When dealing with an issue of first impression, this Court is generally reluctant to find an action unreasonable. *See*, *e.g.*, *Kootenai Med. Ctr. ex rel. Teresa K. v. Idaho Dep't of Health and Welfare*, 147 Idaho 872, 886, 216 P.3d 630, 644 (2009). Because this Court has never addressed whether a local governing body is within its authority to approve two rezones based on a single application, we decline to award attorney fees to Respondents.

### IV.

### Conclusion

The Court affirms the summary judgment order in favor of Respondents, albeit on different grounds. Costs are awarded to Respondents.


Chief Justice EISMANN, and Justices BURDICK, W. JONES and HORTON CONCUR.

16